# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 25-7058

September Term, 2025

FILED ON: JULY 17, 2026

KURT BEACHNER,
             PLAINTIFF – APPELLANT

v.

HOWARD UNIVERSITY; ADVENTIST HEALTHCARE, INC.,
             DEFENDANTS – APPELLEES

Appeal from the United States District Court
for the District of Columbia
(No. 1:23-cv-00494)

Before: SRINIVASAN, *Chief Judge*, and WILKINS and KATSAS, *Circuit Judges*

## J U D G M E N T

This appeal was considered on the record before the United States District Court for the District of Columbia as well as on the briefs and oral argument of the parties. The panel has fully considered the issues and determined that a published opinion is unnecessary. *See* D.C. Cir. R. 36(d). It is hereby

**ORDERED AND ADJUDGED** that the district court's judgment be **AFFIRMED**.

**I**.

In 2019, Kurt Beachner began working in Howard University Hospital's Cardiac Catheterization Lab. In January 2020, Beachner was promoted to the position of manager. Because the position of director was then vacant, Beachner's promotion to manager meant that he led the Lab, marking the first time in fifteen years that the Lab was led by a non-nurse. The Hospital then assigned two nurses, including Roxane Joseph, to supervise the Lab's nursing staff. In February 2020, Adventist HealthCare, Inc. assumed management of the Lab. The new Chief Nursing Officer, Dr. India Medley, had concerns that a non-nurse was the Lab's sole managerial employee. She thus named Joseph interim director of the Lab.

Conflict between Beachner and Joseph developed and escalated in 2020 and 2021. Beachner challenged Joseph's qualifications and leadership, while Joseph issued multiple written reprimands concerning Beachner's conduct and management of staffing. Beachner complained to human resources, and he later filed a discrimination charge through Howard University's internal complaint system. In November 2021, Dr. Medley requested a meeting at which Beachner relayed that he had been confronting health issues. Dr. Medley encouraged Beachner to take a leave of absence. Beachner took medical leave, during which he filed another internal discrimination charge.

Meanwhile, from January to September 2021, Adventist HealthCare's Vice President Helen Tuffee conducted a system-wide review of cardiovascular services. She concluded that the Cardiac Catheterization Lab required a permanent director with cardiovascular expertise. In October 2021, Hospital leadership, relying on Tuffee's review, decided to hire a licensed nurse as the Lab's director and to eliminate the manager position.

Beachner returned from leave in March 2022 and was informed that his position would be eliminated. He declined to assume a non-managerial role in the Lab. In July 2022, a newly hired director assumed both director and manager duties.

In December 2022, Beachner brought this action against Howard University and Adventist HealthCare, alleging violations of Title VII, the Family and Medical Leave Act, and their D.C. counterparts. He claimed that he had been subjected to race and sex discrimination, a hostile work environment based on his race and sex, and retaliation for filing complaints about the alleged discrimination and for taking medical leave. The district court dismissed the sex-discrimination and hostile-work-environment claims on the basis that the complaint failed to allege facts stating those claims. Later, the district court granted summary judgment to the defendants on all remaining claims, concluding that no jury could reasonably find that Beachner had experienced race discrimination or unlawful retaliation.

**II**.

**A**.

Beachner first appeals the district court's dismissals of his sex-discrimination and hostile-work-environment claims. We affirm the district court's dismissals.

The district court correctly dismissed Beachner's sex-discrimination claim. His complaint in relevant part alleges only that he was subjected to abusive conduct by an African American female supervisor, without identifying any facts connecting that conduct—or any decisionmaker's actions—to his sex. Those allegations, as the district court explained, amount to nothing more than asserting that Beachner is male and was treated poorly, which is insufficient to survive dismissal on a claim of sex discrimination.

To state a claim of sex discrimination in employment, a plaintiff must allege facts supporting a plausible inference that the employer acted because of the plaintiff's sex, which ordinarily involves pleading facts indicating differential treatment compared with someone of a different sex or otherwise indicating a decisionmaker's discriminatory animus. *See Joyner v. Morrison and Foerster LLP*, 140 F.4th 523, 530 (D.C. Cir. 2025); *see generally Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Beachner, however, failed to allege anything that would support a plausible inference that he was subjected to adverse action because of his sex. Indeed, his own complaint pointed to a reason Joseph resented him unrelated to his sex: because she lacked his cardiovascular expertise. And while Beachner argues for a more minimal pleading standard based on *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111 (D.C. Cir. 2000), our court has explained that *Sparrow*'s description of the governing standard was abrogated by the Supreme Court's decisions in *Twombly* and *Iqbal*. *Ho v. Garland*, 106 F.4th 47, 51 n.2 (D.C. Cir. 2024).

The district court also correctly dismissed Beachner's claims of a hostile work environment based on his race or sex. Beachner's complaint alleges that Joseph criticized him, undermined his authority, excluded him from meetings, and threatened discipline. Beachner, however, pleaded no facts connecting that alleged conduct to his race or sex. Indeed, the complaint alleges that Joseph behaved unprofessionally towards many employees, and it attributes her conduct to professional insecurity rather than discriminatory animus. Unfair or abrasive supervision, without more, does not state a hostile-work-environment claim based on race, sex, or another protected characteristic. *See Joyner*, 140 F.4th at 534; *see also Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 65, 67 (1986); *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993).

**B**.

Beachner next appeals the district court's grant of summary judgment to the defendants on his claims of race discrimination and retaliation. We affirm the district court's entry of summary judgment.

As a threshold matter, we reject Beachner's challenge to the district court's refusal to consider his counterstatement of material facts when ruling on the defendants' summary judgment motion. In connection with that motion, the defendants submitted a statement of undisputed material facts, relying on sworn declarations, deposition testimony, and contemporaneous records. Beachner responded with a counterstatement supported solely by his own declaration, which was not sworn under penalty of perjury as is required to qualify as competent evidence. *See* 28 U.S.C. § 1746; Fed. R. Civ. P. 56(c)(4); Local Civ. R. 5.1(f). The district court declined to consider Beachner's defective counterstatement, and Beachner did not seek leave to cure the defect. The district court was under no obligation to provide an opportunity for correction absent any request by Beachner, and litigants generally have no entitlement to a second chance to comply with evidentiary requirements. *Grimes v. District of Columbia*, 794 F.3d 83, 92 (D.C. Cir. 2015). At

any rate, the district court did not err in concluding that Beachner's counterstatement, even if considered, failed to properly controvert the defendants' factual statement.

On the merits, the district court correctly granted summary judgment to the defendants on Beachner's race-discrimination claim. Beachner contends that his termination was based on his being white. To survive summary judgment, he was required to introduce evidence from which a reasonable jury could find that the defendants terminated him "because of" his race. 42 U.S.C. § 2000e-2(a)(1); *see also* D.C. Code § 2-1402.11(a)(1)(A) ("based upon . . . race"). The defendants produced undisputed evidence of a legitimate, non-discriminatory rationale for eliminating Beachner's manager position: the Cardiac Catheterization Lab required a nurse-director with cardiovascular expertise, and maintaining a separate manager role was operationally redundant and financially infeasible. Beachner failed to create a genuine dispute on whether that explanation was pretextual. He sought to show that he was treated less favorably than an African American employee, but that employee was not at all similarly situated: he was a director-level employee who supervised managers, reported directly to the CEO, worked in a non-nursing department, and was not subject to a nurse-licensure requirement. And Beachner did not identify any other type of relevant evidence—e.g., procedural irregularities tied to race, inconsistencies in the defendants' explanation for their actions, or contemporaneous statements suggesting discriminatory animus. *See Burley v. Nat'l Passenger Rail Corp.*, 801 F.3d 290, 297–302 (D.C. Cir. 2015).

The district court also properly granted summary judgment to the defendants on Beachner's claims that he was unlawfully retaliated against for complaining about discrimination and taking medical leave. To the extent Beachner complains that he faced reprimands and rudeness in the workplace, those actions, without more, do not amount to materially adverse actions of the kind that can support a retaliation claim. *See Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006); *Douglas v. Donovan*, 559 F.3d 549, 552 (D.C. Cir. 2009); *Baloch v. Kempthorne*, 550 F.3d 1191, 1199 (D.C. Cir. 2008). As for Beachner's contention that his signing bonus had been delayed by several weeks, even assuming the delay qualifies as a materially adverse action, the defendants produced undisputed evidence that the delay stemmed not from retaliation but from an administrative inquiry to assure that previous management had in fact promised Beachner a signing bonus, which Howard University had generally ceased awarding due to financial challenges.

Finally, Beachner did not produce evidence from which a reasonable factfinder could conclude that the termination of his employment was retaliatory. As with his claim that his termination was based on his race, the defendants introduced undisputed evidence that the elimination of his manager position followed from a legitimate restructuring of the Lab's leadership positions. The restructuring decision, moreover, predated Beachner's filing of a discrimination complaint and his taking of medical leave. That chronology tends to undercut any inference of retaliatory motive. Particularly in that context, mere temporal proximity between the bringing of a complaint (or the taking of leave) and allegedly retaliatory action cannot alone create a triable issue on whether a non-retaliatory explanation for the action is pretextual. *See Talavera v. Shah*, 638 F.3d 303, 313 (D.C. Cir. 2011).

5

\*   \*   \*   \*   \*

Pursuant to D.C. Circuit Rule 36, this judgment will not be published. The Clerk is directed to withhold issuance of the mandate until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41.

**<u>Per Curiam</u>**

**FOR THE COURT:**
Clifton B. Cislak, Clerk

BY:    /s/
Daniel J. Reidy
Deputy Clerk